# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD SHORT,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-09-CA-805-LY |
| | § | |
| RICK THALER,<br>Director, Texas Dept. of Criminal Justice-<br>Correctional Institutions<br>Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

# I. STATEMENT OF THE CASE

## A. Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas. Petitioner asserts he was charged with capital murder, but he entered into a plea agreement to plead guilty to murder. Petitioner was sentenced to life imprisonment on March 3, 1975. Petitioner indicates he did not appeal his conviction.

In August 1986, Petitioner was granted parole. However, his parole was revoked in March 2002 because he allegedly threatened to blow up his parole officer. Petitioner challenges his original conviction and the revocation of parole.

Petitioner has challenged his conviction and the revocation of his parole in two state applications for habeas corpus relief. According to the Travis County District Clerk, the first application was filed on June 27, 2003. The Texas Court of Criminal Appeals denied the application without written order on December 8, 2004. Ex parte Short, Appl. No. 58,272-02. According to the Travis County District Clerk, the second application was filed on November 6, 2007. The Texas Court of Criminal Appeals denied the second application without written order on the findings of the trial court on October 21, 2009. Ex parte Short, Appl. No. 58-272-04.

## B. Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. Petitioner should have been convicted of manslaughter or criminally negligent homicide, which carries a maximum sentence of 20 years;

2. The revocation of parole violated Petitioner's right to due process and equal protection and amounts to double jeopardy;

3. Petitioner was denied a parole review one year after the revocation of his parole, he has been given two three-year set-offs, and he was not reinstated on parole under the "90 day turn around laws of 1977;" and

4. Petitioner was not notified that he could apply for the discharge of his sentence after serving 12 months on parole.

## II. DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

B.  **Application**

Petitioner's conviction became final long before the enactment of the AEDPA on April 24, 1996. Thus, absent any tolling, Petitioner had until April 24, 1997, to file an application for federal habeas relief with regard to his original conviction. Smith v. Ward, 209 F.3d 383, 384 (5th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). With regard to Petitioner's claims relating to the revocation of his parole or the discharge of his sentence for successful parole, the factual predicate of these claims could have been discovered through the exercise of due diligence on or about March 1, 2002. Therefore, Petitioner had until March 1, 2003, to file an application for federal habeas relief with regard to the revocation of his parole or the discharge of his sentence due to successful parole. Petitioner's state applications for habeas corpus relief do not operate to toll the limitations period, because they were filed on June 27, 2003, and November 6, 2007, after the grace period and the one-year limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period or the one-year grace period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of November, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE